```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

DIANE WORD,                         :

                 Petitioner,        :    04 Civ. 0328 (LAP)(HBP)

     -against-                      :

ELAINE LORD, Superintendent,        :    REPORT AND
Bedford Hills Correctional               RECOMMENDATION
Facility                            :

                 Respondent.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE LORETTA A. PRESKA, United States

District Judge,

I.  Introduction

Petitioner Diane Word seeks, by her petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254, an Order vacating

a judgment of conviction imposed on May 7, 1996, after a jury

trial, by the Supreme Court of the State of New York, New York

County (Beeler, J.), for one count of manslaughter in the second

degree in violation of New York Penal Law § 125.15.  By that

judgment, petitioner was sentenced to an indeterminate sentence

of five (5) to fifteen (15) years imprisonment.  Petitioner also

seeks to vacate her November 5, 1999 judgment of conviction for

one count of murder in the second degree, in violation of New

York Penal Law § 125.25.  By that judgment, petitioner was

sentenced to an indeterminate term of imprisonment of fifteen

(15) years to life.[1]  Petitioner is currently incarcerated pursu-

ant to the November 5, 1999 judgment.

For the reasons set forth below, I respectfully recom-

mend that the petition be denied.

II.  <u>Facts</u>[2]

A detailed recitation of the facts is set forth in my

March 20, 2002 Report and Recommendation, <u>Word v. Lord</u>, 00 Civ.

5510 (LAP)(HBP), 2002 WL 32145769 at *1-*4 (S.D.N.Y. Mar. 20,

2002) (recommending that petitioner's habeas petition be denied),

<u>adopted</u>, 2002 WL 31119432 (S.D.N.Y. Sept. 24, 2002); familiarity

with which is assumed.  The facts relevant to the disposition of

this petition are stated below.

---

[1]As explained below, both convictions arise out of the same event.

[2]No trial transcript has been provided.  Accordingly, the facts set forth herein are based on the statement of facts set forth in petitioner's brief to the Appellate Division of the Supreme Court.  Since the facts of the offense are not implicated by petitioner's claims, and since the version of the facts in petitioner's brief is, presumably, the view of the evidence most favorable to petitioner, petitioner is not prejudiced by my reliance on her brief.

A.   Background

Petitioner's conviction arises out of the death of her three-month old infant son, Sun Word, on August 10, 1992.

Petitioner called the police at approximately 10:30 p.m. on the evening of August 10, 1992 and told Sergeant Henry de la Rosa that a friend had advised her to call the police because her three-month old son had died at noon that day (Appellant's Brief to the Supreme Court of the State of New York, Appellate Division, First Department ("App. Brief"), annexed as Exhibit J to Respondent's Answer and Appendix Volume II in 00 Civ. 5510, at 16).   Police Officer Edgar Schoffner arrived at petitioner's home that evening and was met by petitioner's mother (App. Brief at 17).   After checking the infant, who was not breathing, Officer Schoffner contacted EMS and the Medical Examiner's Office (App. Brief at 17).   Petitioner explained to Officer Schoffner that she attempted to wake her child for his afternoon feeding around noon and when he did not respond, she realized he was dead (App. Brief at 17).

Detective Gerald DiMuro arrived at petitioner's home shortly after Officer Schoffer (App. Brief at 18).   Petitioner told Detective DiMuro that Sun had been sick and that he had been born with defects (App. Brief at 18).   Petitioner also told the Detective that Sun had not been examined by any medical profes-

sionals because her religious beliefs prohibited such treatment (App. Brief at 18).

Petitioner initially refused to consent to the performance of an autopsy on Sun, because of her religious beliefs (App. Brief at 20).  After several meetings with Sara Scott, General Counsel to the Medical Examiner's office, petitioner verbally indicated she wished to withdraw her objection to the autopsy, but she did not sign a retraction of her waiver (App. Brief at 21).

Dr. Maria Luz Alandy, Deputy Chief Medical Examiner, performed the autopsy on August 12, 1992 (App. Brief at 22).  Dr. Alandy's external examination revealed "a poorly nourished child"[3] and her internal examination found no contents in the infant's large or small intestines, which is inconsistent with what one would expect to find inside a regularly fed child (App. Brief at 23).  Dr. Alandy concluded that the cause of death was malnutrition (App. Brief at 23).

---

[3]The autopsy revealed that Son only weighted five pounds at the time of his death as opposed to the expected weight of 11 pounds for a child his age (Memorandum in Opposition to Petition for a Writ of Habeas Corpus, dated February 28, 2006 ("Res. Mem."), at 2; Docket Item 15).

On August 27, 1992, after receiving a call from the Medical Examiner's Office, the police designated the case a homicide (App. Brief at 19).[4]

On December 9, 1992, petitioner was charged in an indictment with (1) one count of murder in the second degree on the theory that she recklessly killed her son under circumstances demonstrating a depraved indifference to human life, and (2) one count of manslaughter in the second degree on the theory that she recklessly caused her son's death (Res. Mem. at 2-3). After more than two years of litigation over petitioner's competency, petitioner was found competent to stand trial on January 6, 1995 (Res. Mem. at 3). Furthermore, the Trial Court granted peti- tioner's motion to proceed pro se, on the condition that assigned counsel continue in an advisory capacity (Res. Mem. at 3).

Petitioner filed a number of pre-trial motions, includ- ing a motion to suppress the autopsy results due to a violation of New York Public Health Law § 4210-(c)(4) and (5). The Trial Court denied all of petitioner's motions (App. Brief at 12; Res. Mem. at 3-4). On October 25, 1995, the jury convicted petitioner of all charges (Res. Mem. at 4).

---

[4]Petitioner also has another child, Female, who had been taken from her by child welfare because of charges of malnutrition (App. Brief at 8).

B.   Post-Conviction Proceedings in State Court

On February 2, 1996, the Trial Court granted peti-
tioner's motion for a trial order of dismissal with respect to
the murder count, concluding that the evidence was insufficient
to sustain a finding that petitioner had been indifferent to her
son (Res. Mem. at 5).  Both sides appealed from the Trial Court's
decision.

While petitioner's direct appeal was pending, she filed
two motions to vacate her sentence, pursuant to § 440.20.
Petitioner argued in her first motion that her sentence was
"'harsh and excessive' in light of the facts of this case.'"  She
argued in her second motion that there was newly discovered
evidence supporting her innocence and that her trial counsel was
ineffective (Res. Mem. at 6, 9-13).  Petitioner also filed three
petitions for a writ of habeas corpus in New York State Supreme
Court, while her direct appeal was pending (Res. Mem. at 5-13).
All of these motions and petitions were denied (Res. Mem. at 5-
13); see also Word v. Lord, supra, 2002 WL 32145769 at *6.

On April 17, 1999, the Appellate Division, First
Department affirmed the decision of the Trial Court to the extent
that it convicted petitioner of manslaughter and reversed the
decision of the Trial Court to the extent that it set aside the
verdict convicting petitioner of murder.  People v. Word, 260
A.D.2d 196, 689 N.Y.S.2d 36 (1st Dep't 1999).  The New York Court

of Appeals denied leave to appeal on August 17, 1999.  <u>People v.</u>
<u>Word</u>, 93 N.Y.2d 1029, 719 N.E.2d 949, 697 N.Y.S.2d 588 (1999).
On November 15, 1999, Justice Beeler re-sentenced petitioner to
an indeterminate term of incarceration of fifteen years to life
on the murder count (Res. Mem. at 13).

C.  <u>Post-Conviction Proceedings in Federal Court</u>

Petitioner filed her first "Expedited Petition in
Support of Order to Show Cause for Writ of Habeas Corpus" in this
Court on July 26, 2000, asserting ineffective assistance of
appellate counsel for failing to raise a prosecutorial misconduct
claim stemming from the prosecutor's alleged failure to present
exculpatory evidence to the Grand Jury (Docket Item 1 in 00 Civ.
5510).  In September 2000, petitioner filed two more motions, the
first, "Petitioner Request Court Order for Expedited Writ of
Habeas Corpus Proceeding," filed on September 18 and the second,
"Notice of Motion," filed on September 20 requesting an "auto-
matic reversal" of her conviction (Docket Items 4 & 5).  These
two motions raised the additional claim that

> the state trial court entirely ignored and failed duty
> to conduct an inquiry . . . [into] a particular con-
> flict exists pertaining to the fact that the state
> trial court appointed three separate defense attorney
> counsels because of the three separate attorney coun-
> sels' potential, possible, or actual conflict of inter-
> est in submitting a motion for a suppression hearing to
> challenge the prosecutor's . . . material evidence of
> an unauthorized autopsy . . . .

On October 17, 2000, I issued a Report and Recommendation, which

Your Honor adopted in December 2000, recommending that peti-

tioner's motion for an "automatic reversal" be denied and that it

be treated as an amendment to her petition.  I also issued an

Order denying petitioner's request for expedited consideration of

her petition that same day.[5]  Finally, on October 3, 2001, peti-

tioner filed another motion in this Court, in which she claimed

that she was denied "effective assistance of appellate counsel on

direct appeal for the reasonable probability that the convictions

would have been reversed for failure to suppress the tainted

autopsy evidence presented by the prosecutor" (Petitioner's

Motion for Issuance of Unconditional Writ of Habeas Corpus

Pursuant to FRCVP Rule 81(a)(2) at 2).  Respondent moved to

dismiss petitioner's various habeas motions for failure to

exhaust, arguing, among other things, that petitioner's claim

concerning her appellate counsel was not exhausted because she

had failed to seek a writ of error <u>coram</u> <u>nobis</u> in state court.

Several unsuccessful attempts were made to locate plaintiff's

previous <u>pro</u> <u>se</u> submissions to the Appellate Division so that a

determination could be made as to whether those submissions were

---

[5]Petitioner filed a fourth motion concerning her habeas
petition on November 6, 2000.  On or about January 17, 2001, I
issued a Report and Recommendation recommending that petitioner's
November 6, 2000 motion be denied as procedurally defective
because it essentially raised the same claims plaintiff raised in
her previous motions.  Your Honor adopted this Report and
Recommendation on February 22, 2001.

sufficient to exhaust petitioner's ineffective assistance of appellate counsel claim.

This exhaustion issue resolved itself in part on February 12, 2001 when petitioner filed a writ of error coram nobis with the Appellate Division, First Department, alleging that her appellate counsel was ineffective because (1) of an alleged conflict of interest, (2) counsel failed to raise a challenge to the admission of the report of the autopsy of her son, and (3) counsel failed to object to the sufficiency of the evidence that petitioner acted with depravity (Res. Mem. at 19-20).  On July 26, 2001, the Appellate Division, First Department denied petitioner's application for a writ of error coram nobis. People v. Word, 285 A.D.2d 997, N.Y.S.2d 729 (1st Dep't 2001). The New York Court of Appeals subsequently denied petitioner's appeal from the denial of her coram nobis application.  People v. Word, 96 N.Y.2d 926, 758 N.E.2d 670, 732 N.Y.S.2d 644 (2001).

On March 18, 2002, I issued a Report and Recommendation recommending that petitioner's habeas petition be denied.  I concluded that petitioner's claims of (1) ineffective assistance of appellate counsel based on counsel's failure to argue that the prosecutor improperly failed to present exculpatory to the grand jury and (2) ineffective assistance of trial counsel as a result of counsel's failure to have the autopsy report suppressed were unexhausted and, in any event, were "patently meritless" and

"destined for denial" <u>Word v. Lord</u>, <u>supra</u>, 2002 WL 32145769 at

*12 n.10.[6]  Your Honor adopted this Report and Recommendation on

September 23, 2002.  <u>Word v. Lord</u>, 00 Civ. 5510 (LAP), 2002 WL

31119432 at *4 (S.D.N.Y. Sept. 23, 2002).

On March 3, 2003, petitioner sought leave from the

Court of Appeals for the Second Circuit to file a second habeas

petition, pursuant to 28 U.S.C. § 2244(b).  On April 17, 2003 the

Second Circuit denied petitioner's application for leave to file

a successive petition.

D.   <u>Proceedings Relevant to the Present Petition</u>

Thereafter, petitioner filed a second application for a

writ of error <u>coram</u> <u>nobis</u> in the Appellate Division, First

Department, in which petitioner argued that her appellate counsel

was ineffective because he failed to argue that Justice Beeler's

order setting aside the murder verdict was a non-appealable

order.  Although the record is not entirely clear, it appears

that the Appellate Division construed petitioner's second appli-

cation for a writ of error <u>coram</u> <u>nobis</u> as a motion to reargue her

2001 application for the same relief.  On September 25, 2003, the

Appellate Division, First Department, denied reargument.  <u>People</u>

---

[6]Petitioner's February 12, 2001 petition for a writ of error
<u>coram</u> <u>nobis</u> did not assert a claim that appellate counsel was
ineffective for failing to argue that the prosecutor failed to
present exculpatory evidence to the grand jury.

v. Word, 2003 N.Y. App. Div. LEXIS 9965 (1st Dep't Sept. 25,

2003).  The New York Court of Appeals dismissed plaintiff's

application to appeal from the Appellate Division's September 25

Order denying reargument on October 13, 2003.  People v. Word,

100 N.Y.2d 646, 801 N.E.2d 434, 769 N.Y.S.2d 213 (2003).  On

March 3, 2004, the New York Court of Appeals denied reconsidera-

tion of this decision.  People v. Word, 2 N.Y.3d 748, 810 N.E.2d

926, 778 N.Y.S.2d 473 (2004).

On January 15, 2004, petitioner commenced this action

seeking to "re-open" her petition for a writ of habeas (Petition

Under 28 U.S.C. §2254 for Writ of Habeas Corpus, dated October

20, 2003 ("Pet. Mot."); Docket Item 2 in 04 Civ. 0328).  Because

petitioner's January 15, 2004 submission constituted a second or

successive petition it could not be filed in this Court without

leave of the Court of Appeals.  28 U.S.C. § 2244(a)(3).  On

September 22, 2004, the Court of Appeals ordered that

> the motion [to file a successive habeas corpus peti-
> tion] is DENIED with respect to the claims that the
> trial court erred in not conducting a suppression
> hearing and the Appellate Division erroneously rein-
> stated the murder conviction as these claims do not
> satisfy the criteria set forth in 28 U.S.C. §2244(b)-
> (2).  The motion is GRANTED with respect to the claim
> that petitioner was denied due process when, in October
> 2003, the New York Court of Appeals denied her applica-
> tion for leave to appeal the Appellate Division's
> denial of her motion for reargument of her coram nobis
> petition, because this claim did not exist at the time
> her original habeas petition was filed and is therefore

> not successive for the purposes of AEDPA's gatekeeping
> requirement.  <u>James v. Walsh</u>, 308 F.3d 162, 168 (2d
> Cir. 2002).

(Docket Item 5 in 04 Civ. 328).[7]

III.  <u>Analysis</u>

Petitioner argues that the New York Court of Appeals October 13, 2003 Order denying her leave to appeal from the September 25, 2003 decision of the Appellate Division First Department, denying reargument of her application for a writ of error <u>coram</u> <u>nobis</u>, was a "miscarriage of justice . . . in violation of Due Process" (Pet. Mot. at 12(c)).

It is fundamental that habeas corpus relief is available in federal court only when an individual is incarcerated in violation of a federally protected right.  28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); <u>Howard v. Walker</u>, 406 F.3d 114, 121 (2d Cir. 2005) (noting that a claim that a conviction was obtained in violation of state law is not cognizable in federal court).

---

[7]On August 6, 2008, petitioner again sought leave to file a successive petition for a writ of habeas corpus.  The Second Circuit denied this motion because petitioner did not satisfy the gatekeeping provisions of 28 U.S.C. § 2244.  <u>Word v. Lord</u>, 08-1843 (2d Cir. Aug. 6, 2008), Docket Item 16 in 04 Civ. 328.

Thus, Word's claim is cognizable only if she is alleging the violation of a federally protected right.

The United States Constitution does not create any right to post-conviction remedies in favor of state criminal defendants.  The Supreme Court has clearly indicated that the Due Process Clause "does not establish any right to an appeal, see Griffin v. Illinois, 351 U.S. 12, 18 (1956) (plurality opinion), and certainly does not establish any right to collaterally attack a final judgment of conviction."  United States v. MacCollom, 426 U.S. 317, 324 (1976); Ross v. Moffitt, 417 U.S. 600, 610-11 (1974); see also Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)(state prisoners have no federal constitutional right to post-conviction proceedings in state court); Jones v. Barnes, 463 U.S. 745, 751 (1983).

Since a state criminal defendant enjoys no right to post-conviction remedies, "most federal courts have rejected due process claims arising out of the conduct of state courts in post-conviction proceedings, holding that such claims are also not cognizable on habeas review."  Green v. Walsh, 03 CV 00908 (GBD)(DCF), 2006 WL 2389306 at *20 (S.D.N.Y. Aug. 17, 2006); accord Ferrer v. Superintendent, 9:05-CV-1010, 2008 WL 2967633 at *11 (N.D.N.Y. Jul. 25, 2008)(Mordue, C.J.)("'[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings.'"), quoting Falas v. Phillips,

03 Civ. 4839 (PKC)(GWG), 2004 WL 1730289 at *13 (S.D.N.Y. Aug. 3,
2004), adopted in 2005 WL 756886 (S.D.N.Y. Apr. 1, 2005); Capron
v. Hofmann, 06-CV-232 (GM), 2007 WL 3024013 at *6 (D. Vt. Oct.
15, 2007) (courts in this Circuit have generally held that due
process claims arising out of state post-conviction proceedings
are not cognizable on federal habeas review); Parker v. New York,
05 Civ. 3347 (GWG), 2006 WL 864272 at *5 (S.D.N.Y. Apr. 5, 2006)
("[P]rocedural errors in state post-conviction proceedings are
not cognizable on federal habeas review."); Guzman v. Couture, 99
Civ. 11316 (RMB)(HBP), 2003 WL 165746 at *13-*14 (S.D.N.Y. Jan.
22, 2003)(claim that post-conviction court failed to consider
written objections submitted to another judge in violation of
petitioner's rights to effective assistance of counsel, due
process and equal protection was not cognizable on federal habeas
review); Jones v. Duncan, 162 F. Supp.2d 204, 217-18 (S.D.N.Y.
Apr. 3, 2001) ("[H]abeas relief is not available to redress
alleged procedural errors in state post-conviction proceedings",
and denying habeas relief on claim that trial court failed to
hold an evidentiary hearing on post-conviction motions), quoting
Franza v. Stinson, 58 F. Supp.2d 124, 151 (S.D.N.Y. 1999).

        Word's sole claim here is that the New York Court of
Appeals denied Word Due Process when it denied her leave to
appeal from the Appellate Division's September 25, 2003 decision
which denied her application for a writ of error coram nobis.

The authorities cited above compel the conclusion that Word had no federal right to any state post-conviction remedy and, there-fore, whatever appellate remedies New York State provides are not subject to the Due Process Clause.  Because Word's petition does not assert the violation of any federally protected right, it should be dismissed.  Ortiz v. Artus, 06 Civ. 6444 (DAB)(JCF), 2008 WL 2369218 at *8 (S.D.N.Y. June 9, 2008) ("[T]he denial of leave [to appeal from the denial of a writ of error coram nobis] raises no constitutional due process issue."), citing Wilson v. Senkowski, 02 Civ. 0231 (HB)(AJP), 2003 WL 21031975 at *14 (S.D.N.Y. May 7, 2003) ("No federal habeas claim arises from the Court of Appeals' denial of leave to appeal."); Augustine v. Walker, 98-CV-0771 (FJS)(GLS), 2001 WL 1860883 at *5 (N.D.N.Y. June 12, 2001); Munoz v. Lacy, 93-CV-2180 (JG), 1996 WL 1086217 at *2 (E.D.N.Y. Sept. 3, 1996).[8]

---

[8]The New York Court of Appeals did not set forth the basis on which it was denying leave to appeal, nor did it give any indication whether it had the discretion to entertain the appeal if it chose to do so.  The analysis set forth in the text, however, applies with equal force regardless of the basis on which leave to appeal was denied.  Similarly, the analysis in the text applies whether the Court of Appeals regarded Word's second application for a writ of error coram nobis as a second application for the writ or as a motion for reargument of her first application.  Under all of these alternatives, she is attempting to assert non-cognizable procedural deficiencies with respect to post-conviction remedies.

IV.   Conclusion

Accordingly, for the foregoing reasons, I respectfully recommend that petitioner's petition for a writ of habeas corpus be denied.

In addition, since petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued.  28 U.S.C. § 2253.  To warrant the issuance of certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005)(per curiam) (internal quotation marks omitted); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005)(per curiam).  For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that the petition should have been reviewed in a different manner or that petitioner should be encouraged to proceed further.

V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file

written objections.   See also Fed.R.Civ.P. 6(a) and 6(e).   Such

objections (and responses thereto) shall be filed with the Clerk

of the Court, with courtesy copies delivered to the chambers of

the Honorable Loretta A. Preska, United States District Judge,

500 Pearl Street, Room 1320, New York, New York 10007, and to the

chambers of the undersigned, 500 Pearl Street, Room 750, New

York, New York 10007.   Any requests for an extension of time for

filing objections must be directed to Judge Preska.   FAILURE TO

OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS

AND WILL PRECLUDE APPELLATE REVIEW.   Thomas v. Arn, 474 U.S. 140

(1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054

(2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         April 15, 2009

                                    Respectfully submitted,


                                    HENRY PITMAN
                                    United States Magistrate Judge


17

Copies mailed to:

Ms. Diane Word
No. 96-G-0380
Bedford Hills Correctional Facility
P.O. Box 1000
Bedford Hills, New York, 10507

Nicole Beder, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York, 10013